# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 22-7160**                                                    **September Term, 2022**

**1:22-cv-01365-APM**

**Filed On: June 20, 2023**

Charles Awusin Inko-Tariah,

      Appellant

    v.

Budweiser Brew House, et al.,

      Appellees

**BEFORE:**    Henderson, Walker, and Garcia, Circuit Judges

## O R D E R

Upon consideration of the court's order to show cause filed April 5, 2023, and the responses thereto; and the motion to appoint counsel, it is

**ORDERED** that the order to show cause be discharged.  It is

**FURTHER ORDERED** that the motion to appoint counsel be denied.  In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits.  It is

**FURTHER ORDERED**, on the court's own motion, that the district court's November 10, 2022 order dismissing the complaint be summarily affirmed.  The merits of the parties' positions are so clear as to warrant summary action.  See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam).  The district court dismissed appellant's complaint alleging violations of Section 504 of the Rehabilitation Act and Title III of the Americans with Disabilities Act ("ADA") after concluding that appellant had failed to state a claim for damages and that he lacked standing to pursue injunctive relief.  Appellant's response to the order to show cause, however, does not raise any challenge to the district court's determination that he lacked standing to seek injunctive relief.  Appellant also failed to address the district court's conclusions that his disability was not the "sole cause" of his alleged exclusion from full and equal participation in a baseball game at Nationals Park, that punitive damages and damages for emotional distress are not recoverable under the Rehabilitation Act, or that private parties bringing suit under the ADA are limited exclusively to injunctive relief.  Consequently, he has forfeited any arguments against affirmance on these grounds.  See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004) ("Ordinarily, arguments that parties do not make on appeal are deemed to have been waived.").

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 22-7160**                                    **September Term, 2022**

Appellant does argue that counsel for appellee Events DC falsely told the district court that it had not received federal financial assistance to subject it to liability under the Rehabilitation Act when it actually had received funds through the federal Paycheck Protection Program.  Counsel, however, argued only that appellant failed to allege that Events DC received any federal financial assistance; it did not state that it had not received any assistance.  Moreover, appellant's claim for damages under the Rehabilitation Act fails because punitive damages and damages for emotional distress are not allowed under the Rehabilitation Act.  See Barnes v. Gorman, 536 U.S. 181, 189 (2002) (punitive damages may not be awarded in private suits brought under § 504 of the Rehabilitation Act); Cummings v. Premier Rehab Keller, P.L.L.C., 142 S. Ct. 1562, 1569–72 (2022) (violations of § 504 do not entitle plaintiffs to recover damages for emotional distress).  Appellant's claim for damages under the Rehabilitation Act also fails because his disability was not the sole cause of his alleged exclusion from full and equal participation in a baseball game at Nationals Park given the technical problems with the closed-captioning system for the television.  See Bowen v. Am. Hosp. Ass'n, 476 U.S. 610, 630 (1986) ("A hospital's withholding of treatment [for handicapped children] when no parental consent has been given cannot violate § 504, for without the consent of the parents or a surrogate decisionmaker the infant . . . [has not] been denied care 'solely by reason of his handicap.'").

Appellant also argues that default judgment should have been entered against appellee Budweiser Brew House because it had "ignored [the] summons and complaint."  The record, however, does not reflect that service on this entity was ever completed.  In any event, the district court dismissed the complaint against Budweiser Brew House for the same reasons that it dismissed as to the other two appellees—lack of standing and failure to state a claim.  And appellant has failed to identify any error in the district court's decision.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**<u>Per Curiam</u>**